# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

```
------------------------------x
THE PRUDENTIAL INSURANCE COMPANY   :
OF AMERICA and PRUCO SECURITIES,   :   Civil Action No. 06-22
LLC,                               :
                                   :
            Plaintiffs,            :
                                   :
      v.                           :
                                   :
RICHARD WIBLE, JENNIFER LEIGH WIBLE,:
and JOSEPH VEZENDY, JR.,           :
                                   :
            Defendants.            :
------------------------------x
```

## TEMPORARY RESTRAINING ORDER

On January 4, 2006, Plaintiffs filed a Complaint, Motion for Temporary Restraining Order and Preliminary Injunction and related papers;

The parties and their attorneys appeared before the Court at a hearing held on 1/5/06;

The following Order has been agreed to by and between the parties in open court;

Accordingly, it is **ORDERED, ADJUDGED** and **DECREED** that:

1. By agreement of all parties, Plaintiffs are not required to post security.

FILED
WILLIAMSPORT

JAN - 9 2006

PER _____
DEPUTY CLERK

2. Defendants, and their officers, agents, servants, employees, and attorneys, and any persons in active concert or participation with Defendants who receive actual notice of this Order as set forth by Federal Rule of Civil Procedure 65, are temporarily enjoined and restrained, directly and indirectly, and whether alone or in concert with others, from:

(a) soliciting any business from, or initiating any contact with, any client whom Defendants served or whose name became known to them during the course of their association with Prudential, or causing, assisting or inducing any client or contractholder of Prudential and/or any affiliate of Prudential, or any person whose name became known to Defendants during the course of their association with Prudential, to discontinue, terminate or withdraw values from any policy, annuity, contract, service or product of any kind of Prudential and/or any affiliate of Prudential, or any policy sold by Prudential and/or any affiliate of Prudential, or to purchase services or products that compete, directly or indirectly, with those sold or serviced by Prudential and/or any affiliate of Prudential;

(b) using, disclosing or transmitting for any purpose any confidential or proprietary information belonging to Prudential and/or any affiliate of Prudential or which Prudential, and/or any affiliate of Prudential is obligated to protect, or concerning the customers, employees and associated persons of Prudential and/or any affiliate of Prudential, including but not limited to the names, addresses, and telephone numbers of customers, employees and associated persons of Prudential and/or any affiliate of Prudential, and the financial information of customers of Prudential and/or any affiliate of Prudential; and

(c) destroying any of the records or information Defendants removed from Prudential;

3. Defendants are further ordered to deliver any and all original Prudential records and software, copies or other reproductions thereof, and any other documents containing information derived from those records, in whatever form, including electronic or computerized versions, to the Prudential office in Moosic, Pennsylvania, and purge such materials and documents and information derived therefrom from the possession, custody or control of Defendants or anyone working with or for Defendants and the entity with which they are now affiliated, within twenty-

four hours of notice to Defendants or their counsel of the terms of this Order;

4. Defendant Richard Wible is further ordered to deliver the following items to the Prudential office in Moosic, Pennsylvania, within twenty-four hours of notice to Defendant Richard Wible or his counsel of the terms of this Order: the Toshiba laptop computer, the HP fax/printer/copier, the Canon 170 portable printer, the Motorola cellular telephone, and the Konica Minolta printer, all of which were used by Defendant Richard Wible and paid for by Prudential.

5. This Order is made without prejudice to the arguments of the parties on the merits of the Complaint.

6. This Order does not have retroactive effect and does not apply to acts the Plaintiffs allege that the Defendants have taken heretofore.

7. Defendant Jennifer Leigh Wible is subject to this Order, but the parties agree that this Order will not be considered to be superior to the written agreements previously entered into between Jennifer Leigh Wible and the Plaintiffs.

8. This Order shall remain in full force and effect until further order of the Court.

This Order is issued this 9th day of January, 2006.

IT IS SO ORDERED

_____ James F. McClure, Jr. J.